### PENN MUT. LIFE INS. CO. v. HENDERSON et al.

#### (District Court, N. D. Florida. August 18, 1917.)

INTERPLEADER ☞21—JURISDICTION OF FEDERAL COURTS—CONSTRUCTION OF STATUTE.

    Act Feb. 22, 1917, c. 113, 39 Stat. 929, gives the federal District Courts original jurisdiction of suits of interpleader by insurance companies when it is made to appear that one or more bona fide claimants under a policy reside within the jurisdiction of the court, and that two or more persons, citizens of different states, are adverse claimants, "and such insurance company deposits the amount of the insurance with the clerk of the court to abide the judgment thereof." "Provided that in all cases where a beneficiary is named in the policy, or where the same has been assigned and written notice thereof shall have been given to the company the bill of interpleader shall be filed in the district where the beneficiary may reside." *Held*, that the deposit of the amount of the insurance with the clerk is a condition precedent to the exercise by the court of the jurisdiction granted. Semble that the proviso fixes the venue in the district of the residence of the beneficiary named in the policy or, in case of assignment, of the assignee.

In Equity. Suit of interpleader by the Penn Mutual Life Insurance Company against Winifred Henderson and others. On motion to dismiss bill. Motion granted.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Sterling A. Wood, of Birmingham, Ala., and Watson & Pasco, of Pensacola, Fla., for the motion.

Price & Carter, of Marianna, Fla., opposed.

SHEPPARD, District Judge. The Penn Mutual Life Insurance Company, a corporation of Pennsylvania, seeking to take the benefits of the provisions of chapter 113, Laws of Congress, February 22, 1917 (39 Stat. 929), filed its bill of interpleader against Winifred Henderson individually, and Winifred Henderson, trustee, citizens and residents within the jurisdiction of the court, and against the Rt. Rev. Edward P. Allen (executor of Otto Joseph Dus, deceased), a citizen and resident of Jefferson county, Ala.

It is disclosed by the bill, among other things for grounds of jurisdiction, that Winifred Henderson is the assignee of a certain insurance policy on the life of Otto Joseph Dus, deceased; that the policy had been assigned to the defendant Henderson June 1, 1914, and written notice thereof had been duly accepted by the plaintiff, recognizing the assignee as beneficiary in the policy according to the rules of the company. It is further shown that Otto Joseph Dus died testate February 28, 1916, naming the defendant Allen executor of his last will and testament. The bill then admits liability to one or the other claimants, and disclaims any interest in the fund except that of mere stakeholder of the amount of the policy for the rightful beneficiary, and avers that Winifred Henderson had instituted her action against plaintiff in the circuit court of Escambia county, Fla., upon the policy and assignment; that said Allen had begun a suit as executor against plaintiff in the circuit court of Jefferson county, Ala. The bill then tenders the amount of the policy, $1,089.95, and prays that plaintiff be permitted to deposit said amount into the registry of the court for the party who may be entitled thereto, and that the defendant Henderson and defendant Allen may be enjoined, respectively from further prosecuting their said suits in the state courts of Florida and Alabama, with the usual prayer for process. Suffice it to say, the bill meets the essential requisites of the statute for jurisdiction and of the relief sought. The usual process in chancery issued and temporary injunctions were granted, restraining the defendants from further prosecuting their said actions in the state courts. There was, however, no deposit with the clerk according to the tender of the bill. Three days after filing its bill of interpleader in this jurisdiction, plaintiff exhibited in the District Court of the United States for the Northern District of Alabama, Southern Division, a similar bill, and for like purpose, against the same defendants, making the deposit in that court as tendered. Subpœnas and restraining orders were likewise issued from that jurisdiction and served upon the defendants in both districts.

The objection to the jurisdiction of the court occurs on a motion to dismiss, one ground of which is that the court is without jurisdiction because plaintiff made no deposit in the clerk's office as by the law required. In view of the conclusion reached it will not be necessary to notice other grounds assailing the constitutionality of the act. Whether or not it is within the power of Congress to the extent here attempted, it is clear the intention of the legislative department was to enlarge

the jurisdiction of the District Courts for remedial purposes. There-fore it becomes necessary to ascertain what the act itself provides as conditions precedent to the exercise of jurisdiction. It will simplify an interpretation to pare the act of irrelevant words and amplifications and read it as applicable to the case in hand. It reads substantially:

District Courts shall have original jurisdiction of suits of insurance com-panies, on bills of interpleader duly verified, when it is made to appear that one or more persons bona fide claimants against such company reside within the jurisdiction of the court and holds a policy in said company for at least five hundred dollars insurance payable to a beneficiary, or to the heirs, next of kin or legal representative of the insured, and it further appearing that two or more persons, citizens of different states, are adverse claimants to such insurance, and such insurance company deposits the amount of such in-surance with the clerk of the court to abide the judgment thereof. Such court shall have the power to issue process to said claimants, returnable as the court shall determine, which shall be served by the marshal of the districts wherein the respective claimants reside. Said courts shall have power to hear and decide upon the said bill of interpleader according to the practice in equity. The court may discharge complainant from further liability upon pay-ment of such insurance as directed, less complainants' actual court costs; and the court shall have power to make such further orders and decrees as may be suitable and issue the necessary writs for the enforcement of its decrees: Provided, that in all cases where a beneficiary is named in the policy, or when the same has been assigned and written notice thereof shall have been given to the company, the bill of interpleader shall be filed in the district where (such) the beneficiary may reside.

It must be assumed that Congress had in contemplation the office and scope, extent and limitations, of the common-law interpleader as gen-erally recognized in the equity practice, and by this legislation has sought to confer upon the District Courts jurisdiction of special cases and predicates that jurisdiction upon certain expressed conditions made primarily to appear. The statute, besides partaking somewhat of an innovation on the common law, authorizes extraordinary remedies, and should, I think, be construed so as to accomplish the purpose aimed at, yet, being limited to certain cases on certain conditions, those prerequi-site conditions enumerated in the act should be made to appear as pre-liminary to the exercise of jurisdiction.

It is plain from the language of the statute that Congress did not in-tend to leave the matter of venue in such cases to the will of claimants. In order to protect the insurance company from defending a multi-plicity of suits, the statute authorized the insurance company to file its bill of interpleader in a District Court of the United States, "where it is made to appear by such bill that one or more * * * bona fide claimants against such company * * * reside within the jurisdic-tion of said court." This provision fixes the venue of the suit, in the district of residence of either of the bona fide claimants, except in certain cases embraced in the last proviso of the statute. Undoubtedly if the statute had no further provision in it as to the venue of the ac-tion than that above noted, the insurance company might file a bill of interpleader in any District Court of the United States wherein resided a bona fide claimant. Congress, recognizing that the claims of "bona fide claimants" may not stand on a parity, sought in the last provision of the statute to favor one class of claimants; for it is provided that:

"In all cases where a beneficiary or beneficiaries are named * * * or where the same has been assigned and written notice thereof shall have been given to the insurance company * * * the bill of interpleader shall be filed in the district where (such) the beneficiary * * * may reside."

Here the claim of the defendant Henderson is based upon an assignment, of which the insurance company had actual notice, which is made to appear by the bill of interpleader, with attached exhibits showing the insurance company a party to such assignment. The claim of the Rt. Rev. Edward P. Allen is based upon the last will and testament of the insured. It can hardly be doubted that the intention of Congress in adding the last proviso to the statute was for the purpose of meeting such a contingency. Its object was doubtless to reward the claimant who had been diligent, the claimant who had acted himself in order to receive the benefits of the insurance company's obligation, as distinguished from the party who presumably had no knowledge of the benefits to be derived from the payment of the insurance policy until advised of the bequest after the policy had become payable. The party to whom the assignment was made, and accepted by the insurance company, received a vested right to the payment of the fund. This right to payment vested under such an assignment prior to death of the insured. Therefore the liability of the insurance company to the assignee was fixed. The payment only was subject to the happening of an event which was certain, though the time thereof, the death of the insured, might be indefinite. In my opinion the venue of plaintiffs' suit is clearly indicated in the proviso found in the last clause of the statute, in the nature of an exception, viz.:

"Provided, that in all cases where a beneficiary or beneficiaries are named in the policy, * * * or where the same has been assigned and written notice thereof shall have been given to the insurance company, * * * the bill of interpleader shall be. filed in the district where (such) the beneficiary or beneficiaries may reside."

The record shows that Otto Joseph Dus had assigned the policy to Winifred Henderson, and notice thereof had been given to the insurance company  The proviso would seem to recognize the residence of the beneficiary named in the policy or his assignee designated to the company as fixing the district of proper venue for plaintiffs' suit. Interpreting the act as a whole, it is obvious that the word "the" was used by the lawmakers as the equivalent of "such." This meaning is consistent with, and more in harmony with, the apparent purpose of the act.

The plaintiff failed to complete the jurisdiction of this court by not making the required deposit, the sine qua non for power in this court to issue process. The court is without jurisdiction of the subject-matter. The restraining orders will be dissolved, and the bill dismissed.