NEW YORK LIFE INS. CO. v. KENNEDY et al.

(District Court, S. D. Florida. June 27, 1918.)

1. COURTS ☞274—JURISDICTION OF FEDERAL COURTS—CONSTRUCTION OF STATUTE.

Under Act Cong. Feb. 22, 1917, authorizing insurance companies to file bills of interpleader, vesting District Courts of the United States with jurisdiction, and providing that bill "shall be filed in the district where the beneficiary or beneficiaries reside," suit must be brought in the district of the residence of the beneficiary, whether there has been as assignment of the policy or not.

2. COURTS ☞92—FEDERAL COURTS—FOLLOWING PRIOR DECISION—DICTA.

A prior decision placing a construction upon a statute is only persuasive where a construction was not necessary to a decision of the matter involved.

In Equity. Bill of interpleader by the New York Life Insurance Company against Georgia L. Kennedy and others. On complainant's motion to strike out certain portions of answer of defendant Thomas R. L. Daughtery. Granted.

John L. Doggett, of Jacksonville, Fla., for plaintiff.

Marks, Marks & Holt and Hartridge & MacDonell, all of Jacksonville, Fla., for defendants.

CALL, District Judge. This cause comes on for a hearing on motion of the complainant to strike certain portions of the answer of Thomas R. L. Daughtery, one of the defendants.

[1] The portion of the answer moved to be stricken sets up the want of jurisdiction in this court to hear and determine the questions presented by the pleadings. The bill of complaint was filed under the act of Congress approved February 22, 1917 (39 Stat. 929, c. 113), authorizing insurance companies, etc., to file bills of interpleader. This act, after vesting District Courts of the United

States with the general jurisdiction to hear and determine the controversies between insurance companies and bona fide claimants, under the conditions therein set out, continues as follows:

"Provided, that in all cases where a beneficiary or beneficiaries are named in the policy of insurance, * * * or where the same has been assigned and written notice thereof shall have been given to the insurance company, * * * the bill of interpleader shall be filed in the district where the beneficiary or beneficiaries may reside."

[2] This proviso determines the situs of the suit. In the case of Penn Mut. Life Ins. Co. v. Henderson et al. (D. C.) 244 Fed. 877, Judge Sheppard reached the conclusion that Congress meant to include assignees by the words "beneficiary or beneficiaries," used in the proviso. This construction was not necessary to the decision of the motion then pending before him, and is therefore only persuasive on the question now before me. Without this proviso, the situs of the suit would have been fixed by the Judicial Code, and the suit could have been brought in the district of the residence of either of the interested parties. This proviso makes an exception to this rule in all cases where a beneficiary is named in the policy, or where there has been an assignment of the same and notice given. It is with these facts in view that we must construe this portion of the act.

In a case where there is a beneficiary named in the policy and an assignment of the same, and the residence of the beneficiary and assignee is in different districts, the question would arise which would be the proper district in which to bring said suit. Congress could have invested either District Court with the jurisdiction, by adding "assignees" to "beneficiary," but did not do so, but confined it to the residence of the beneficiary or beneficiaries. And in this case that exact condition prevails. It is true that in this case the beneficiary named in the policy has assigned her interest to the defendant Daughtery, making the objection to the jurisdiction; but, if Congress meant to invest jurisdiction in the district of the residence of the named beneficiary, this fact would not oust this court of jurisdiction, and vest it in the district of the residence of such assignee. A difficulty might arise where there is no beneficiary named and an assignment of the policy is made. In this last-mentioned case does the act authorize the institution of the suit in the district of the residence of the assignee? It does not say so, unless the assignee is construed to be the beneficiary, and such construction might be reasonably made in such a case.

It seems to me the reasonable construction of the act is that, if there is a beneficiary named in the policy, the suit must be brought in the district of the residence of such beneficiary, whether there has been an assignment of the policy or not.

The motion to strike the portion of the answer referred to in said motion will therefore be granted.