## LOWTHER v. NEW YORK LIFE INS. CO. et al.

(Circuit Court of Appeals, Third Circuit. February 7, 1922.)

No. 2700.

1. **Courts 276—Objection to district of suit waived by general appearance.**

   A defendant, by appearing generally and contesting a motion for preliminary injunction, waives objection to the jurisdiction on the ground that the suit was not brought in the proper district.

2. **Courts 508(1)—In interpleader suit, court may not enjoin prosecution of prior suit in state court.**

   The provision of the Interpleader Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 991a), authorizing the court in suits thereunder to "issue the necessary writs usual and customary in such cases," does not by implication repeal Judicial Code, § 265 (Comp. St. § 1242), prohibiting federal courts from granting injunctions to stay proceedings in a state court, except in bankruptcy proceedings, but is to be construed with due regard to such limitation, and the court in a suit thereunder is not authorized to enjoin prosecution to judgment of an action in a state court, which was first instituted.

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Interpleader suit by the New York Life Insurance Company against Roland B. Lowther and others. From an order granting an injunction, defendant Roland B. Lowther appeals. Reversed.

John N. Platoff, of Union Hill, N. J. (Stanley M. Lazarus, of New York City, of counsel), for appellant.

James H. McIntosh and Richard Hartshorne, both of New York City, for appellee New York Life Ins. Co.

Howard Isherwood, of Newark, N. J., for appellee Pearl B. Lowther.

Before WOOLLEY and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order of the United States District Court enjoining the appellant from prosecuting

a suit against the appellee in the Supreme Court of the state of New York. On April 17, 1894, the appellee issued a policy of life insurance on the life of Harry F. Lowther, a resident of the state of Kansas, and agreed to pay the proceeds thereof to Katie Lowther, his wife, or, in the event of her death before his, then to his executors, administrators, or assigns. She died June 7, 1904, and on July 31, 1908. he assigned the policy to Pearl B. Lowther, his then wife, but revoked it 10 years later, September 23, 1918. He assigned the policy October 9, 1918, to Laura W. Lowther, his sister, and revoked it April 8, 1919. On that same day he assigned the policy to Roland B. Lowther. Copies of these assignments and revocations were duly filed with the insurance company. The assignment to Roland B. Lowther purported to be irrevocable, while the others were revocable.

Harry F. Lowther died May 7, 1920. Proof of his death was received and approved by the insurance company, and thereupon it became obligated to pay the proceeds of the policy, amounting to $2,493, to the person to whom they legally belong. All three assignees, Pearl B. Lowther, Laura W. Lowther, and Roland B. Lowther, claim and have demanded payment of the policy. For the purpose of securing the proceeds, Pearl B. Lowther instituted proceedings against the insurance company in the Supreme Court of the state of New Jersey, and Roland B. Lowther instituted proceedings in the Supreme Court of the state of New York. Laura W. Lowther bases her demand on the assignment made to her, she alleges, "to cover medical care and attention furnished to the insured, Harry F. Lowther," by her.

The insurance company stands ready to pay the proceeds of the policy to the person legally entitled to then, and has been willing to do so ever since the death of the insured, but is unwilling to decide the controversy among the rival assignees. Accordingly it filed a bill of interpleader under the provisions of Act Feb. 22, 1917, 39 Stat. 929 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 991a), in the United States District Court for the District of New Jersey, and deposited the amount of the policy with the clerk of the court, praying that the three claimants be served with process and required to interplead, and that they be restrained "from bringing or maintaining any suit or suits against plaintiff (insurance company) on account of said insurance or from instituting and continuing any proceeding or proceedings whatever with that object." Upon preliminary hearing the defendants were enjoined from instituting proceedings or continuing any already begun, and Roland B. Lowther appealed from that order to this court, on the ground that the court was without jurisdiction because proceedings were not instituted in the proper district, and on the further ground that the court exceeded its power in granting the injunction. Section 720 of the Revised Statutes of the United States, re-enacted in section 265 of the Judicial Code (Comp. St. § 1242).

[1] The Act of February 22, 1917, provides:

"That in all cases where a beneficiary or beneficiaries are named in the policy of insurance or certificate of membership, or where the same has been assigned and written notice thereof shall have been given to the insurance

company or fraternal benefit society, the bill of interpleader shall be filed in the district where the beneficiary or beneficiaries may reside."

Pearl B. Lowther resides in the district of New Jersey, and Laura W. Lowther and Roland B. Lowther reside in the city of Chicago, Northern district of Illinois, Eastern division. Roland B. Lowther contends that he is the only subsisting assignee of this policy on the books of the plaintiff company. An assignee is a "beneficiary," within the meaning of the act, and, if Roland B. Lowther is the sole beneficiary, suit should have been instituted in the Eastern division of the Northern district of Illinois. Penn Mutual Life Insurance Co. v. Henderson (D. C.) 244 Fed. 877; New York Life Insurance Co. v. Kennedy (D. C.) 253 Fed. 287.

It should be borne in mind, however, that the other two defendants are attacking the validity of the assignment to Roland B. Lowther, and it might be that on final hearing that assignment might be declared invalid, and the assignment to Pearl B. Lowther or Laura W. Lowther adjudged valid. Our attention has been called to the fact that Pearl B. Lowther, in a suit in replevin in the First district court of Newark, N. J., secured a judgment against Roland B. Lowther for this policy, and a certified copy of this judgment was filed with the insurance company before the bill of interpleader was filed. Furthermore Roland B. Lowther failed to protect his position by entering a special appearance for the purpose of testing the jurisdictional question. Process was served upon him in accordance with the provisions of the act, and he appeared and contested the injunctive proceedings and appealed to this court. He thus became an actor in the cause, and this constituted a general appearance and conferred jurisdiction over him. Ridgway v. Horner, 55 N. J. Law, 84, 25 Atl. 386; Merchants' Heat & Light Co. v. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488; 2 Ruling Case Law, 323.

[2] Section 265 of the Judicial Code provides that:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The insurance company contends that the above section was repealed by implication by the following provision in the Interpleader Act:

The District Court "shall have the power to make such orders and decrees as may be suitable and proper and to issue the necessary writs usual and customary in such cases for the purpose of carrying out such orders and decrees."

What is now known as section 265 of the Judicial Code was first enacted March 2, 1793 (1 Stat. 335), and has been the law running through all the decisions from that time. It still stands as the law, unless repealed by this act. Haines v. Carpenter, 91 U. S. 254, 23 L. Ed. 345; Simon v. Southern Railway Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492; Public Service Co. v. Corboy, 250 U. S. 153, 39 Sup. Ct. 440, 63 L. Ed. 905.

"It tends to prevent unseemly interference with orderly disposal of litigation in the state courts and is salutary." Wells, Fargo & Co. v. Taylor, 254 U. S. 183, 41 Sup. Ct. 93, 65 L. Ed. 205.

Courts do not favor the repeal of statutes by implication. A later statute will not be held to repeal a prior one, unless their terms are repugnant, and it becomes necessary so to hold, in order to give effect to the later statute. 25 Ruling Case Law, 918; Frost v. Wenie, 157 U. S. 46, 15 Sup. Ct. 532, 39 L. Ed. 614. The provision of the Interpleader Act is not necessarily repugnant to section 265 of the Judicial Code. "The necessary writs usual and customary in such cases" are such writs as have been usually and customarily issued in interpleader actions generally, with due regard to section 265 of the Judicial Code. The prohibition of the statute is not avoided by enjoining the litigant and not the state court. Essanay Film Manufacturing Co. v. Kane (C. C. A.) 284 Fed. 959; Peck v. Jenness, 48 U. S. 612, 625, 12 L. Ed. 841.

This statute, however, does not prevent federal courts from: (1) Enjoining the institution in state courts of proceedings to enforce local statutes which are repugnant to the Constitution of the United States; (2) maintaining and protecting their own jurisdiction properly acquired and still subsisting, by enjoining attempts to frustrate, defeat, or impair it through proceedings in the state courts; (3) depriving a party by means of injunction of the benefit of a judgment obtained in a state court in circumstances where its enforcement will be contrary to recognized principles of equity and the standards of good conscience. Wells Fargo & Co. v. Taylor, supra, and cases there cited. The facts as they presently appear do not bring the instant case within any of the above rules. If the appellant should prosecute his case in the Supreme Court of New York to final judgment, whether or not it might become necessary to enjoin him from obtaining the fruits of that judgment we are not now deciding. All that we now decide is that section 265 of the Judicial Code prevents a federal District Court from staying proceedings in a state court before final judgment, where these proceedings were first instituted in the state court, and the injunction is not authorized by any law relating to proceedings in bankruptcy.

The order of the District Court enjoining the appellant will be reversed, and the injunction dissolved.