**KANSAS CITY LIFE INS. CO. v. ADAMSON et al.**

District Court, N. D. Texas, Dallas Division. February 20, 1928.

No. 3194–452.

1. **Statutes** ☞190—Judicial construction of statute is not suffered, when statute is plainly unambiguous.

Judicial construction of a statute is not suffered, when statute itself is so plainly un-

ambiguous as to preclude any excuse for so doing.

2. **Interpleader** ☞6—Where claimants are bona fide, whether they are beneficiaries or not, and company deposits amount of insurance policy in registry of court, interpleader may be filed as provided by statute (28 USCA § 41, par. [26]).

When claimants are bona fide, whether such claimants are beneficiaries or not, and when company, association, or society shall have deposited amount of bond or insurance policy into registry of court, an interpleader may be filed in District Court, as provided by Act May 8, 1926 (28 USCA § 41, par. [26]).

3. **Courts** ☞274(11)—Where executors of deceased resided in one federal jurisdiction, and named beneficiary resided in another, insurance company could file interpleader suit in either jurisdiction (28 USCA § 41, par. [26]).

Where executors of deceased resided in Northern district of Texas, and a named beneficiary resided in Southern district of New York, insurance company, under Act May 8, 1926 (28 USCA § 41, par. 26), could file interpleader suit to proceeds of policy in Northern district of Texas, as was done, or in Southern district of New York, and insurance company had the right to make election.

In Equity. Interpleader suit by the Kansas City Life Insurance Company against W. H. Adamson, administrator of the estate of Mrs. Edna Mae Saal, and another. On motion to quash service and to dismiss for want of jurisdiction. Motions denied.

Charles F. O'Donnell, of Dallas, Tex., for plaintiff.

C. W. Starling, of Dallas, Tex., for defendant Saal.

Phil L. Kelton, of Dallas, Tex., for defendant Adamson.

ATWELL, District Judge. The insurance company filed this interpleader under the Act of May 8, 1926, 44 Stat. 416 (28 USCA § 41, par. 26). It appears that the executors of the deceased reside in this jurisdiction, and that a named beneficiary resides in the Southern district of New York. The citizen of New York contends that the act of February 22, 1917, 39 Stat. 929 (Comp. St. § 991a), and the Act of February 25, 1925, 43 Stat. 976 (28 USCA § 41, par. [26]), which preceded the present act, and which first evidenced the desire of the Congress to remove an evil from which insurance companies and other like societies were suffering, clearly show that the Congress never intended for such a suit to be brought anywhere than in the district of the residence of a beneficiary; that the act of 1926 should be so read

as to give effect to that clear intention, as exhibited by the two previous acts.

[1] Judicial construction of a statute is not suffered, when the statute itself is so plainly unambiguous as to preclude any excuse for so doing. The first two acts resulted in a difference of opinion as to the venue when there was a named beneficiary, and a subsequent assignment to an assignee living in another district. Penn Mutual Life Ins. Co. v. Henderson (D. C.) 244 F. 877; New York Life Ins. Co. v. Kennedy (D. C.) 253 F. 287. Also the general language seemed to attack the prohibitions relating to the staying of state court proceedings made in section 265 of the Judicial Code (28 USCA § 379). Lowther v. New York Life Ins. Co. (C. C. A.) 278 F. 405.

In order to do away with all uncertainty, the new Act of May 8, 1926, was passed. It contains this language:

"In all such cases if the policy or certificate is drawn payable to the estate of the insured and has not been assigned in accordance with the terms of the policy or certificate the District Court of the district of the residence of the personal representative of the insured shall have jurisdiction of such suit. In case the policy or certificate has been assigned during the life of the insured in accordance with the terms of the policy or certificate, the District Court of the district of the residence of the assignee or of his personal representative shall have jurisdiction. In case the policy or certificate is drawn payable to a beneficiary or beneficiaries and there has been no such assignment as aforesaid the jurisdiction shall be in the District Court of the district in which the beneficiary or beneficiaries or their personal representatives reside. In case there are claimants of such money or property, or in case there are beneficiaries under any such bond or policy resident in more districts than one, then jurisdiction shall be in the District Court in any district in which a beneficiary or the personal representative of a claimant or a deceased claimant or beneficiary resides. Notwithstanding any provision of the Judicial Code to the contrary, said court shall have power to issue its process for all such claimants and to issue an order of injunction against each of them, enjoining them from instituting or prosecuting any suit or proceeding in any state court or in any other federal court on account of such money or property or on such bond or on such policy or certificate of membership until the further order of the court, which process and order of injunction shall be returnable at such time as the said court or a judge thereof shall determine and shall be addressed to and served by the United States marshals for the respective districts wherein said claimants reside or may be found."

The intention of the act is now quite clear. Likewise the venue is unmistakable.

[2] When the claimants are bona fide, whether such claimants are beneficiaries or not, and when the company, association, or society shall have deposited the amount of the bond, or policy, in the registry of the court, an interpleader may be filed. "In case there are claimants of such money or property, or in case there are beneficiaries under any such bond or policy resident in more districts than one, then jurisdiction shall be in the District Court in any district in which a beneficiary or the personal representative of a claimant or a deceased claimant or beneficiary resides."

If Congress was originally cautious to preserve the action in the district of the residence of a beneficiary, that caution is not displayed in the last act. The claimant and the beneficiary stand on the same footing, and no favoritism is exhibited.

[3] It follows that the suit may be brought in this district, or in the Southern district of New York, and the insurance company had a right to make the election.

The motions are denied.