## BANKERS' LIFE CO. v. EBBERT et al.
### No. 2200.

District Court, W. D. Pennsylvania.
Sept. 7, 1928.

Smith, Buchanan, Scott & Gordon and Paul G. Rodewald, all of Pittsburgh, Pa., and

R. B. Alberson and J. P. Lorentzen, both of Des Moines, Iowa, for plaintiff.

Dalzell, Fisher & Dalzell, of Pittsburgh, Pa., for defendant Lilly B. Ebbert.

Weil, Christy & Weil, of Pittsburgh, Pa., for defendant Gertrude Ebbert.

GIBSON, District Judge.

One of the defendants above named, Gertrude Ebbert, has moved to dismiss the bill of interpleader for want of jurisdiction.

The facts disclosed by the bill are substantially as follows:

In 1919, the plaintiff issued to one Raymond Ebbert, now deceased, a policy of life insurance wherein the right to change the beneficiary was reserved to the insured. In the policy it was provided that the right of revocation of beneficiary should be exercised "by filing written notice thereof at the Home Office of the Company accompanied by the policy for suitable indorsement thereon." It was further provided that "such change shall take effect when indorsed on the Policy by the Company and not before." The beneficiary named in the policy at its issuance was the defendant Gertrude Ebbert, the wife of the insured.

On March 23, 1928, the insured, Raymond Ebbert, upon a form supplied by the company, changed the beneficiary in said policy to Lilly B. Ebbert, his mother. This change was not noted upon the policy by the plaintiff company, as the policy was not submitted to it with the order for the change. Subsequently Raymond Ebbert made an affidavit to the effect that the policy was in the possession of his wife, Gertrude Ebbert, who, he alleged, had theretofore deserted him. On May 17, 1928, Raymond Ebbert died within the Western district of Pennsylvania, and on June 13, 1928, the plaintiff filed its bill of interpleader in this district, wherein the defendant Lilly B. Ebbert resides, under authority claimed by the Act of May 8, 1926, 44 Stat. 416 (28 USCA § 41 (26), and note. Thereafter the defendant Gertrude Ebbert, who is a resident of Ohio, moved to dismiss said bill of interpleader on account of the alleged lack of jurisdiction of this court.

Counsel for Gertrude Ebbert rely upon the following portion of the Act of May 8, 1926, to sustain their motion to dismiss: "In case the policy or certificate is drawn payable to a beneficiary or beneficiaries and there has been no such assignment as aforesaid the jurisdiction shall be in the district court of the district in which the beneficiary or beneficiaries or their personal representatives reside. In case there are claimants of such money or property, or in case there are beneficiaries under any such bond or policy resident in more districts than one, then jurisdiction shall be in the district court in any district in which a beneficiary or the personal representative of a claimant or a deceased claimant or beneficiary resides." (28 USCA § 41 (26).

They assert that Gertrude Ebbert is the beneficiary named in the policy, and that the quoted portion of the act definitely determines the place of her residence as the district within which the interpleader may be filed. On the other hand, the plaintiff contends, first, that Lilly B. Ebbert is the beneficiary contemplated by the quoted portion of the act; and, second, that the Act of May 8, 1926, properly interpreted, confers jurisdiction of an interpleader filed in the District Court of the judicial district wherein resides any claimant under the policy.

It is true, as claimed by counsel for Gertrude Ebbert, that jurisdiction of the interpleader contemplated by the statute exists only by virtue of the statute. Conceding this, we differ with counsel in their interpretation of the grant of jurisdiction, although admitting that the language used, considered by itself, furnishes foundation for their claim. The quoted sentence, it seems to us, when viewed in the light of the history of the legislation and the intentions of Congress, as shown by an examination of the entire act, does not confine the jurisdiction to the district of the named beneficiary in the policy as opposed to any bona fide claimant. The intention was, we think, to place all claimants of the insurance fund upon an equal footing. It was so held by Judge Atwell in Kansas City Life Ins. Co. v. Adamson et al. (D. C.) 24 F.(2d) 107.

Being of the opinion that the second of the plaintiff's contentions is correct, and that the act in question permits an insurance company to file its bill of interpleader in either the district of the named beneficiary or that of any bona fide claimant, we are not called upon, in this preliminary stage of the action, to pass upon plaintiff's contention that Lilly B. Ebbert is the actual beneficiary under the policy.

The motion to dismiss must be denied.