PROVIDENT SAV. LIFE ASSUR. SOC. OF NEW YORK v. LOEB et al.

(Circuit Court, E. D. Louisiana. June 13, 1901.)

No. 12,940.

1. BILL OF INTERPLEADER—DEMURRER.
    A bill of interpleader brought by a life insurance company to determine the adverse rights of the two defendants to the proceeds of a life policy was good on demurrer, though it also averred complainant's right to deduct a certain sum from the face of the policy for a semiannual premium, as the demurrer admitted the right to make such deduction, and therefore disclosed no interest in complainant in the controversy.

2. SAME—INTEREST OF COMPLAINANT—EFFECT.
    Even if complainant's right to make the deduction was contested, it would have the right to maintain the bill.[1]

In Equity.

The Provident Savings Life Assurance Society of New York filed its bill against Ernest M. Loeb and the widow and heirs of Robert McNamara.

---

[1] See Interpleader, vol. 29, Cent. Dig. §§ 12, 14.

Substantially, the bill avers that the complainant issued and delivered to one Moses Schwartz its policy of life insurance, whereby it promised to pay to Schwartz, his executors, administrators, or assigns, the sum of $10,000, less any indebtedness on account of the policy, within 90 days after acceptance by it of satisfactory proof of the death of McNamara; that McNamara died; that the proofs required by the policy were furnished, and the complainant has become indebted, because of said policy, to such person or persons as may, in accordance with the terms of the same, be entitled to be paid the same; that Loeb has furnished complainant due proofs of the death of McNamara, and claims the proceeds of the policy as the assignee of Schwartz, who was a creditor of McNamara, and in whose favor the policy had issued, as a creditor of McNamara; that due proofs of death have also been served upon complainant by a representative of the widow and heirs of the insured, McNamara, and said widow and heirs claim to be entitled to the proceeds of the policy, and have demanded of complainant payment of the same; that the adverse claims of Loeb and of the widow and heirs of the deceased are dependent upon, and derived from, the same common source; that complainant has and claims no interest in the subject-matter of the contention, to wit, the amount due under the policy; that complainant has incurred no independent liability to any of said parties, and is perfectly indifferent between them, being in the position merely of a stakeholder; that the amount due under the policy is the sum of $10,000, less any indebtedness due on account of the policy, as per the agreement contained therein; that it is also provided in said policy that any unpaid quarterly or semiannual installment of the current year's premium will be deducted in any settlement of the policy; that the policy bears date of July 24, 1889, and that the premium for the year beginning July 24, 1900, became due July 24, 1900, but was payable, according to the terms of the policy semiannually, and that the semiannual premium due upon the policy on January 24, 1901, is, under the terms of the policy, to be deducted in any settlement of the same; that said semiannual installment, after deducting dividends due upon the same pursuant to the terms of the policy, is the sum of $337.50, which, deducted from the $10,000 aforesaid, leaves $9,662.50 as the full amount of principal due under the policy. That this amount, together with interest due thereon by complainant under the terms of the policy, makes an aggregate of $9,723.75, which complainant owes on the policy, and which aggregate amount the complainant has deposited in the registry of the court, to the credit of the cause, simultaneously with the filing of the bill. The complainant prayed that the defendants be ordered ·to answer, and be decreed to interplead and settle between themselves their rights or claims to the money due under the policy, and deposited as aforesaid. The complainant further prayed that the defendants be restrained by a preliminary order of injunction from commencing or prosecuting any action or proceeding against the complainant concerning the matters above stated, and that in due course the injunction be perpetuated. A restraining order issued to the defendants on the filing of the bill, and subsequently, after hearing the defendants, a preliminary injunction was issued against them as prayed for. Subsequently the widow and heirs of McNamara demurred to the bill as follows: "That the said complainant hath not, in and by its said bill, made or stated such a case as doth or ought to entitle it to any such recovery or relief as is thereby sought and prayed for, from or against these defendants." This demurrer was heard, and the same was overruled.

Farrar, Jonas & Kruttschnitt, for complainant.

R. J. Maloney, for defendants McNamara.

S. Wolff, for defendant Loeb.

PARLANGE, District Judge (after stating the facts as above). To sustain the demurrer, it is contended that the plaintiff should have deposited $10,000, claimed to be the amount called for by the policy, and that plaintiff should claim no right to make any deduction; while, on the other hand, the plaintiff contends that the policy does not call

for $10,000, but for that sum less certain deductions, which, being made, leave the sum of $9,723.75 deposited in the cause. In other words, the plaintiff urges that it has deposited the full sum which the contract calls for. For the demurrer, it is further said that as Mrs. McNamara et al. may hereafter claim, by answer or otherwise, that the plaintiff had no right to make any deductions from the $10,000, a situation may develop in which the plaintiff would be asserting, and Mrs. McNamara et al. would be denying, the right of plaintiff to make any deduction from the $10,000, and that, a bill of interpleader being allowed only to one who is absolutely disinterested as to the fund deposited in court, the bill in this cause should be dismissed. Even if there were merit in these contentions, it is clear that no relief could be given on demurrer which admits all the allegations of the bill. But even if the matter were in a condition to permit the court to consider the contentions urged for the demurrer, it seems clear that the bill would still stand. Groves v. Sentell, 153 U. S. 485, 14 Sup. Ct. 905, 38 L. Ed. 785, is cited for the demurrer, where it is said:

"The general rule is that a party who has an interest in the subject-matter of the suit cannot file a bill of interpleader, *strictly so called*. [Underscoring mine.] In fact, the assertion of perfect disinterestedness is an essential ingredient of such a bill."

But the very case of Groves v. Sentell proceeds to sustain a bill in the nature of a bill of interpleader, in which Sentell was found by the court to have had a substantial interest in the litigation; the only result of this finding by the court being that Sentell was not allowed his solicitor's fees out of the fund.

11 Enc. Pl. & Prac. verbo "Interpleader," after treating of bills of interpleader strictly so called, says, at page 479:

"A bill *in the nature of a bill of interpleader* will lie *by a party in interest* [underscoring mine] to ascertain and establish his own rights, where there are other conflicting rights between third parties."

See cases there cited.

It is therefore clear that, even if all that is claimed by counsel for Mrs. McNamara et al. could be made to appear on this demurrer, it would still have to be overruled. See, also, 2 Story, Eq. §§ 813a, 824; Railroad Co. v. Clute, 4 Paige, 384; Thomson v. Ebbets, Hopk. Ch. 272; McHenry v. Hazard, 45 N. Y. 580; Bedell v. Hoffman, 2 Paige, 199.