## KINGDOM OF ROUMANIA v. GUARANTY TRUST CO. OF NEW YORK.

(District Court, S. D. New York. August 18, 1917.)

No. 135.

1. INTERNATIONAL LAW ⬤10—SUIT—IMMUNITY FROM.

Immunity from suit is a privilege which an independent government may waive by its voluntary appearance in the courts of the United States, and when a foreign government voluntarily becomes party to a suit involving its interest by commencement of an action, it waives such immunity, and cannot complain that its adversary in such litigation seeks to protect itself by exercising the right to interplead another.

2. INTERNATIONAL LAW ⬤10—POWERS OF GOVERNMENT—SOVEREIGN CHARACTER.

Where a foreign government becomes a party in any trading company, it divests itself of its sovereign character, and takes on that of a private citizen.

3. INTERPLEADER ⬤8(2)—RIGHT TO INTERPLEAD—SOVEREIGNTY.

Code Civ. Proc. N. Y. § 820, provides for the remedy of interpleader for defendants, where there are rightful claims to part or all of the sums due from them. A New York trust company, which held as a banking institution moneys to the credit of a foreign government, was sued by an individual, who sought to impose a trust on such funds. Thereafter the government brought an action to recover the amount to its credit. *Held* that, under the circumstances, the trust company could implead the individual suitor, for it admitted that it had no beneficial interest in the funds, and there were two rival claimants, between whom it could not be decided without hazard, and the government, by instituting the action, had waived its immunity from suit.

At Law. Action by the Kingdom of Roumania against the Guaranty Trust Company of New York. Defendant moved for an order interpleading Morris Arditti. Motion to interplead granted.

White & Case, of New York City, for plaintiff.

Frank M. Patterson, of New York City, for defendant.

Samuel Meyers and Morse Sable Hirsch, both of New York City, for interpleaded defendant.

MANTON, District Judge. The Kingdom of Roumania, a sovereign power immuned from suit in this country, has submitted itself to the jurisdiction of this court in instituting a suit against the Guaranty Trust Company, seeking to recover $73,433.55.

Morris Arditti has instituted a suit against the Kingdom of Roumania and the Guaranty Trust Company in the Supreme Court of the state of New York, making claim to a part of a fund now held by the Guaranty Trust Company as the agent of the Kingdom of Roumania. He alleges in paragraph 13:

"Upon information and belief, that the Kingdom of Roumania, in violation of its agreement to hold and retain the said fund separate and apart from its general funds and as a trust fund, wrongfully withdrew the said fund from its said treasury into which it had been deposited as aforesaid, and wrongfully transferred and delivered the said fund in such a manner that the said

fund after passing without consideration through the hands of several intermediaries, duly came into the hands of the defendant Guaranty Trust Company of New York, *without consideration therefor having been paid by the said Guaranty Trust Company of New York*, and that the said fund is now in the possession of the defendant Guaranty Trust Company of New York, and in its control."

He seeks to recover damages for breach of contract and asks, as further relief, that this money, held by the Guaranty Trust Company, be held subject to his interest therein, by reason of a trust sought to be imposed.

The Guaranty Trust Company of New York has moved for an order interpleading Morris Arditti. Arditti not only consents to be interpleaded, but urges that the motion be granted. The plaintiff opposes.

[1] The suit of the plaintiff against the Guaranty Trust Company of New York alleges, in substance, that a sum of $175,000 was turned over by the Empire Trust Company to the Guaranty Trust Company of New York as payment to the Roumanian government. In other words, this fund is held by the Guaranty Trust Company of New York, as the agent of the Roumanian government. It has been depleted until the balance left is the amount above mentioned. Arditti could not successfully sue the Kingdom of Roumania here, and he has not effected service. The immunity from suit is a privilege which a government may waive by its voluntary appearance in a court of the United States. However, since it voluntarily becomes a party to a suit involving its interest by the commencement of this action, and thereby waives such immunity by the institution of this action in the federal court of the United States, it cannot complain now that its adversary in that litigation seeks to protect itself by the exercise of its right to interplead another claimant. Porto Rico v. Ramos, 232 U. S. 627, 34 Sup. Ct. 461, 58 L. Ed. 763; Richardson, Treasurer, v. Fajardo Co., 241 U. S. 44, 36 Sup. Ct. 476, 60 L. Ed. 879; Veitia v. Fortuna Estate, 240 Fed. 262, —— C. C. A. ——.

[2, 3] Counsel urges that the plaintiff's suit is for money had and received, or a debtor's action against a creditor, and not an action involving any particular fund, and that, therefore, an order of interpleader should not be granted. The difficulty with this position, however, is that the Guaranty Trust Company of New York admits its indebtedness by stating that the money is held by it as a banking institution for the credit of the plaintiff, and it is as against this fund so held that Arditti seeks to impose the trust. Clark v. Barnard, 108 U. S. 447, 2 Sup. Ct. 878, 27 L. Ed. 780. It has been held that, where a government becomes a partner in any trading company, it divests itself of its sovereign character, and takes on that of a private citizen. U. S. Bank v. Planters' Bank, 9 Wheat. 904, 6 L. Ed. 244. Where a sovereign state has engaged in the liquor business, it may be sued for revenue. South Carolina v. United States, 199 U. S. 437, 26 Sup. Ct. 110, 50 L. Ed. 261, 4 Ann. Cas. 737.

Before the Guaranty Trust Company of New York is entitled to interplead Arditti, it must show, first, that two or more persons have preferred a claim against the petitioner; second, that claim is made

to the same thing; third, that the petitioner has no beneficial interest in the same thing; and, fourth, that it cannot determine, without hazard to itself, to which of the claimants the moneys belong.

The first three essential elements are conceded to exist. The last is questioned. There is sufficient shown to indicate a real hazard or danger to the Guaranty Trust Company of New York, if Arditti's alleged claim to the fund is not disposed of before the money is paid over to the Roumanian government. The Code of Civil Procedure in the state of New York (section 820) provides this remedy for the Guaranty Trust Company of New York. This section does not require the trust company to establish the validity of the adverse claim of Arditti, but simply that the whole or part of the debt is claimed adversely by two litigants without any collusion on the part of the plaintiff. Western Commercial Travelers' Asso. v. Langeheineken, 139 App. Div. 592, 124 N. Y. Supp. 182; Natowitz v. Independent Order, 149 App. Div. 607, 133 N. Y. Supp. 1065. It is not necessary for the trust company to decide, at its peril, either close questions of fact or nice questions of law arising by reason of the conflicting claims; but it is sufficient if there is a reasonable doubt as to which claimant the money belongs. Crane v. McDonald, 118 N. Y. 648, 23 N. E. 991.

I will therefore grant the motion to interplead.