## CONNECTICUT GENERAL LIFE INS. CO. OF HARTFORD, CONN., v. YAW et al.

District Court, W. D. New York.
Nov. 19, 1931.

G. M. Blackmon, of Jamestown, N. Y., for plaintiff.

William S. Stearns, of Fredonia, N. Y., for defendant Lottie E. Yaw.

KNIGHT, District Judge.

This is an interpleader action, and application is made for an injunction restraining the prosecution of a pending action brought by the above-named Lottie E. Yaw against the above-named plaintiff.

The plaintiff herein is an insurance corporation organized and existing under the laws of the state of Connecticut. On December 30, 1922, it issued a policy of insurance, in the sum of $1,000, covering the life of Richard B. Yaw. Richard B. Yaw died March 9, 1931, then residing in the state of Florida and leaving a last will and testament which, it is claimed, has been duly probated, and in and by which the defendant Lucy M. Yaw was appointed executrix. Each of the defendants above named claims to be entitled to the moneys payable on said policy of insurance.

The defendant Lucy M. Yaw resides in Florida, and the defendant Lottie E. Yaw resides in this federal district.

On June 18, 1931, defendant herein, named Lottie E. Yaw, commenced an action in the Supreme Court, Chautauqua county, N. Y., against the above-named plaintiff, the Connecticut General Life Insurance Company of Hartford, Conn., to recover the sum of $1,000 on account of the policy of insurance hereinbefore mentioned, with interest from May 15, 1931. The complaint therein sets forth a cause of action for the total amount of such policy, with interest from the date aforesaid, and the demand for judgment follows such allegations. Before the expiration of the time for the defendant in such action to answer, the bill of interpleader herein was filed.

■■ There was no laches on the part of the plaintiff herein in filing such bill of inter-pleader. Reasonable diligence only is required. It can hardly be said that petitioner has not acted with reasonable diligence in making the application herein before answering in the state court.

The bill of interpleader alleges there is unpaid on the policy $841.46. The claimant's complaint in the state court, her answering affidavit and answer (which can only be treated as an affidavit at this stage of the proceeding) deny such allegation, and allege that there is due thereon $1,000, with interest from May 15, 1931. The complaint in the action in the state court alleges that the last-mentioned amount, with such interest, is due, and the answer in the action in the state court denies that such amount is due, and alleges that the amount due is $816.46. The act authorizing interpleader in a case of this character, chapter 273 of the Laws of 1926 (title 28, USCA, § 41, subd. 26), permits it where it is brought by an insurance company, where there are two or more adverse claimants, citizens of different states, to a fund arising out of a policy of insurance providing for the payment of $500 or more, and where "such company * * * has paid the amount of such * * * policy into the registry of the court, there to abide the judgment of the court."

■■ The plaintiff herein has deposited into the registry of this court the sum of $861.45. The purpose of an interpleader action is to permit a company, such as the plaintiff herein, to relieve itself from the danger of double liability. It seems to me that it is a prerequisite to the right of interpleader under the statute that there must be no dispute regarding the amount of the liability of the party bringing the action of interpleader, and that the undisputed fund must be paid into court. In this case, it is plain there is a dispute as to whether the plaintiff herein owes one of the adverse claimants $1,000 and interest or $841.45, and that the latter amount only was paid into court at the time of the application herein.

■ The right of interpleader has long been recognized in state and federal courts. It existed at common law in limited forms. It is based on the theory that there are adverse claimants to a fund in which a third party claims no interest, and that such third party is ready and willing to pay over such fund and then be absolved from further liability upon it. Irrespective of the statute to which reference has been made, the right of inter-pleader exists where there is diversity of citi-

zenship and the amount in dispute exceeds $3,000. In such a case, in an application for interpleader, it must appear that there are adverse claims to the same fund, and that petitioner has no beneficial interest in it. Kingdom of Roumania v. Guaranty Trust Co. (D. C.) 244 F. 195; Killian v. Ebbinghaus, 110 U. S. 571, 4 S. Ct. 232, 28 L. Ed. 246. It has been held with unanimity in many cases in state and federal courts that it cannot be maintained where petitioner is not absolutely absolved from any liability to all adverse claimants. It has been said to be an undeviating rule that claimant shall raise no question as to the amount of the claim.

■ Here we have a statute which extends the jurisdiction of the federal courts to certain cases where the amount involved is $500 rather than $3,000, and which specifically states the condition on which interpleader can be sustained therein. An interpleader can only be maintained on motion "by compliance with the statute authorizing it." Corpus Juris § 28, p. 446; Bullowa v. Provident Life & Trust Co., 125 App. Div. 545, 109 N. Y. S. 1058; Dubois v. Union Dime Sav. Inst., 89 Hun, 382, 35 N. Y. S. 397, 399; Baltimore & O. R. Co. v. Arthur, 90 N. Y. 234; Jackson v. Knickerbocker Athletic Club, 49 App. Div. 107, 62 N. Y. S. 1109; Penn Mutual Life Ins. Co. v. Henderson (D. C.) 244 F. 877, 879; Kingdom of Roumania v. Guaranty Trust Co. (D. C.) 244 F. 195.

Say the court in Dubois v. Union Dime Sav. Inst., supra, "But we know of no authority authorizing an interpleader, by action or motion, when the stakeholder denies that the full amount demanded by one of the rival claimants is due"; in Dodge v. Lawson (Super. Ct.) 19 N. Y. S. 904, 905, "It is only where the defendant admits the full and same amount claimed as due to one or the other of the claimants that the motion can be granted"; in Penn. Mutual Life Ins. Co. v. Henderson, supra, "The statute, besides partaking somewhat of an innovation on the common law, authorizes extraordinary remedies, and should, I think, be construed so as to accomplish the purpose aimed at, yet, being limited to certain cases on certain conditions, those prerequisite conditions enumerated in the act should be made to appear as preliminary to the exercise of jurisdiction"; in McWhirter et al. v. Halsted (C. C.) 24 F. 828, 829, "The best elementary writers say that an interpleader is properly applied where two or more persons severally claim the same thing under different title, or in separate interests, from another person, who, not claim-

ing any title or interest therein himself, and not knowing to which of the claimants he ought of right to render the debt, is either molested by an action brought against him, or fears that he may suffer injury from the conflicting claims of the parties"; in Kansas City Life Ins. Co. v. Adamson (D. C.) 24 F. (2d) 107, 108, "When the claimants are bona fide, whether such claimants are beneficiaries or not, and when the company, association, or society shall have deposited the amount of the bond, or policy, in the registry of the court, an interpleader may be filed"; in Smith v. Mosier (C. C.) 169 F. 430, 442, "It is essential to the maintenance of such an action that there be a specific fund or property * * * and that the plaintiff in the action of interpleader does not dispute his liability to some one therefor. If it be a fund or a debt owing, the amount thereof as claimed by at least one of the parties must be conceded by the plaintiff." In Smith v. Mosier, supra, arising in this district and in which the opinion was written by Ray, District Judge, there is an extended statement of the rules of law that govern the right to interpleader.

The particular statute under which this application is made finds its origin in chapter 113, Laws of 1917 (39 Stat. 929). So far as the question involved here is concerned, there is no difference in effect in the present or former statute. The statute having set up the conditions upon which interpleader proceeding may be brought, such equitable right is restricted. I am aware of the decision in McNamara v. Provident Sav. Life Assur. Soc. of New York (C. C. A.) 114 F. 910, Provident Sav. Life Assur. Soc. of New York v. Loeb (C. C.) 115 F. 357, in which the facts are somewhat similar to the case at bar. But that proceeding was brought long before there was any special statute such as the act of 1926. In that case, the matter in controversy involved more than $3,000. It does not appear whether there was a diversity of citizenship in claimants. The application was directed to the general equity powers of the court. The decision itself was made upon a demurrer which, of course, admitted the allegations of the bill of interpleader, and the views there expressed are obiter on the question of the payment of the full amount claimed by an adverse claimant.

■ While there is nothing before the court to show it, it has appeared, from statements of counsel since the argument of the motion, that the deposit in court has been increased to $1,000. Assuming this to be the fact, in the view taken as hereinbefore expressed and fol-

lowing the weight of authority, such deposit made after the service of notice of application for interpleader is insufficient, and, considered in connection with the petition as submitted, of no avail now to the petitioner.

Application denied. Prepare and submit order accordingly.