**DEFENSE PLANT CORPORATION v. UNITED STATES BARGE LINES, Inc.**

**SAME v. UNITED STATES BARGE LINES, Inc. (BARNES et al., Interveners).**

**No. 118.**

Circuit Court of Appeals, Second Circuit.

Nov. 27, 1944.

FRANK, Circuit Judge.

1. Intervention is permissible in an admiralty suit only if (a) the suit is in rem (Admiralty Rule 34, 28 U.S.C.A. following section 723) or (b) the intervenor has an interest in proceeds in the registry of the court (Admiralty Rule 42). The admiralty suit here was in personam with a claim for foreign attachment; the garnishment did not convert the suit into one in rem. Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98, 104. For Admiralty Rule 36 does not require the garnishee to pay into the registry of the court but permits the garnisheed debts or credits to remain in the hands of the garnishee, and that is what was done here. Even assuming, arguendo, that the final judgment in that suit, had it been enforced, would have been the equivalent of payment into the registry, the fact is that that decree was not enforced because of the injunction issued in the interpleader suit.

It will not do to say that the payment into the registry in the interpleader suit satisfies Rule 42 since it was a payment in the same court sitting one moment in admiralty and another in "equity." For it is a mere coincident that the interpleader action was brought in the district in which the admiralty suit was pending; had the interpleader action been brought in another district court, the payment would have been into that court's registry, and yet that court could properly have issued a similar injunction.

2. But, assuming that the court below could properly have permitted the intervention, it was not required to do so. True, the mere fact that a final decree had been entered would not necessarily be a bar to intervention on the ground of tardiness.[1] The admiralty court has wide discretion as to the time of intervention. But here the court denied the intervention for specified reasons, and also said that "there are additional reasons for refusing the relief sought." We construe this statement to mean that, inter alia, the district judge exercised his discretion. As there was no abuse of it, we cannot review his decision.

3. As either of the foregoing grounds is sufficient to dispose of this appeal, we need not consider whether the intervention was

Maurice A. Krisel, and Roman Beck, of Washington, D. C., for intervenors-appellants.

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

[1] Cf. Cincinnati I. & W. R. Co. v. Indianapolis Union R. Co., 6 Cir., 279 F. 356, 363; United States v. Northern Securities Co., C.C., 128 F. 808; Baltimore Trust Co. v. Interocean Oil Co., D.C., 30 F.Supp. 484, 485.

improper because appellants did not procure the permission of the bankruptcy court.

Affirmed.