**LIBERTY MUTUAL INSURANCE COM-
PANY, Appellant,**

v.

**UNITED TOWING CO., BARGE 20, Ruth
A. Prichard, Gary Prichard, a minor,
by his guardian ad litem Ruth A. Prich-
ard, Appellees.**

**No. 20211.**

United States Court of Appeals
Ninth Circuit.

Nov. 30, 1966.

Donald Friedman, Aaron Milberg, San
Francisco, Cal., for appellant.

Stanley Fernwood, Oakland, Cal., for
appellees Ruth A. Prichard and Gary
Prichard.

Before MADDEN, Judge of the Court
of Claims, and MERRILL and DUNI-
WAY, Circuit Judges.

PER CURIAM.

Appellant is the workmen's compensa-
tion insurer for the employer of appellee
Ruth A. Prichard's late husband, who
was killed by a barge explosion in the
course of his employment. Pursuant to
the terms of the Longshoremen's and
Harbor Workers' Act, 33 U.S.C. § 901 et
seq. (1964), appellant has paid compen-
sation benefits to appellee Prichard.
She brought this libel against United
Towing Company as a third-party ship-
owner seeking recovery for wrongful
death. The action was settled for a sum
substantially in excess of the benefits so
far paid by appellant. The settlement
was approved by the District Court and
the libel was dismissed by the libelant.
Appellant had sought to intervene just
prior to court approval of the settlement,
asserting the right under the Act, 33 U.
S.C. § 933, to recover back from the cor-
pus of the judgment the amount of bene-
fits paid. The libelant opposed the peti-
tion; intervention was denied and this
appeal followed.

As we view its order the District
Court has simply denied appellant access
to this suit as a vehicle for the litigation
of its right to recovery of benefits paid.
In so doing it declined to rule upon the
merits of the dispute between appellant
and appellee Prichard, and has required
appellant to resort to an independent ac-
tion for litigation of that dispute. (We
are informed that such an action has now

been brought in connection with which a registry fund exists for the security of judgment.)

 Intervention in this case is governed by Admiralty Rules 34 and 42, 28 U.S.C. (1964) (now superseded by Civil Rule 24(a) as amended July 1, 1966). The Admiralty Rules envisage a case, for intervention as of right, in which a res exists to which the maritime lien rights asserted by the petition in intervention may attach. The Oregon, 158 U.S. 186, 15 S.Ct. 804, 39 L.Ed. 943 (1895); Defense Plant Corp. v. United States Barge Lines, 145 F.2d 766 (2d Cir. 1944). Allowance of intervention in other cases would appear to be discretionary. The record before us does not disclose that jurisdiction over any res was ever secured by the District Court. Under the facts of this case we find no abuse of discretion.

Affirmed.