Dorothy S. McKEITHEN, Individually and on behalf of her deceased husband, Charles F. McKeithen

v.

The S.S. FROSTA, the M/V GEORGE PRINCE, A/S J. L. Mowinkels Rederi, and the Department of Highways of the State of Louisiana.

In the Matter of A/S J. LUDWIG MOWINKELS REDERI, as owner of the M/T FROSTA, Petitioning for exoneration from or limitation of liability.

In the Matter of the DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA ex rel. William J. GUSTE, Jr., Attorney General, as Owner of the M/V GEORGE PRINCE, Petitioning for Exoneration from or Limitation of Liability.

Civ. A. Nos. 76–3251, 76–3275, 76–3654.

United States District Court,
E. D. Louisiana.

May 10, 1977.

See also, D.C., 426 F.Supp. 307 and 430 F.Supp. 899.

Daniel E. Becnel, Jr., Reserve, La., Joel T. Chaisson, Destrehan, La., Eldon E. Fallon, A. Remy Fransen, Jr., New Orleans, La., James A. George, Baton Rouge, La., Salvadore E. Gutierrez, Jr., John R. Martzell, New Orleans, La., for plaintiff.

Francis J. Mooney, Jr., New Orleans, La., for New Orleans-Baton Rouge Steamship Pilots Ass'n and Nicholas F. Columbo.

Walter Carroll, Jr., Charles F. Lozes, Benjamin W. Yancey, New Orleans, La., for S.S. Frosta and A/S J. L. Mowinckels Rederi.

John P. Hammond, John R. Peters, Jr., Henry J. Read, New Orleans, La., for M/V George Prince.

Nigil E. Rafferty, New Orleans, La., for Southern American Ins. Co.

Donald Ensenat, New Orleans, La., for Dept. of Highways, State of La.

ALVIN B. RUBIN, District Judge:

## OPINION WITH RESPECT TO SOUTHERN AMERICAN'S MOTIONS TO INTERVENE AND TO BE PERMITTED TO INTERPLEAD

Southern American Insurance Company's ("Southern American") motions to intervene, for declaratory judgment, and to be permitted to interplead, raise two discrete questions:

Should Southern American, the insurer of the Department of Highways of the State of Louisiana ("Department of Highways"), owner of the ferry M/V George Prince, be permitted to intervene in the limitation proceeding provoked by its insured against claims arising out of the catastrophic October 20, 1976, collision between that ferry and the Norwegian tanker, the M/T Frosta?

Should Southern American be permitted to file an interpleader when it is contended that the amount of coverage provided by its policy with the Department of Highways cannot be determined from the face of the policy?

## I

In October, 1976, the owner of the M/T Frosta petitioned this court for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 181–189 and Rule F, Fed.R.Civ.P. and, in November, 1976, the Department of Highways filed a similar proceeding as owner of the M/V George Prince. In accordance with the statute, the court enjoined the filing of any actions against the vessels and their owners. However, in accord with *Olympic Towing Co. v. Nebel Towing Co.*, 5th Cir. 1969, 419 F.2d 230, cert. denied, 397 U.S. 989, 90 S.Ct. 1120, 25 L.Ed.2d 396 direct actions against the underwriters filed in this court were excepted from the restraining order.

Southern American seeks to intervene in the limitation action of the Department of Highways. It proposes to seek a declaratory judgment that its liability under its policy insuring the Department of Highways cannot exceed the sum of $300,000 in respect of all claims resulting from the collision and to interplead all claimants to that sum. The Department of Highways and the Plaintiff's Committee contend that Southern American should not be permitted to intervene because it lacks the requisite interest in the limitation proceeding; that the motion for interpleader should be denied because the sum to be deposited is disputed; and that any determination by the court of the amount insured would deprive the direct action claimants of their right to a jury determination of the issue. Let us consider these contentions separately.

## II

### INTERVENTION

■ Rule 24(b), F.R.C.P., provides in relevant part: [1]

Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

■ The individual claimants and the Department of Highways contend that, because limitation of liability is a personal defense of the shipowner and cannot affect the extent of the insurer's liability, *Olympic Towing, supra*, Southern American lacks an interest in the limitation proceeding. However, the insured's liability, in which Southern American has direct interest, will be resolved in the limitation proceeding. Accordingly, those proceedings and the direct actions, in which the insured's liability must also be determined, share common questions both of law and fact.[2]

---

1. It is not necessary to consider whether intervention as of right pursuant to Rule 24(a), F.R.C.P., is warranted. However, it is doubtful that the insurer has a "significantly protectable interest," *Donaldson v. U. S.*, 1971, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580, or a "direct, substantial, legally protectable interest," *Diaz v. Southern Drilling Corp.*, 5th Cir. 1970, 427 F.2d 1118, cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115, as is contemplated by that rule. In admiralty the rules "envisage a case, for intervention as of right, in which a res exists to which the maritime lien rights asserted by the petition in intervention may attach. Allowance of intervention in other cases would appear to be discretionary." *Liberty Mutual Insurance Co. v. United Towing Co., Barge 20*, 9th Cir. 1966, 369 F.2d 382, 383 (construing Admiralty Rules 34 and 42, but recognizing that Rule 24(a) supersedes). Although the effect of stare decisis or collateral estoppel may be sufficient to constitute impairment of a legally protectable interest, such an interest must concern the specific property or transaction that is the subject of the law suit. See *Atlantis Development Corp. v. U. S.*, 5th Cir. 1967, 379 F.2d 818, 825 (intervenor claimed ownership of islands which defendant claimed right to develop).

2. Because the direct actions and limitation proceedings are consolidated for trial, the only practical effect of allowing intervention is to make Southern American a party to the limitation proceeding. Because the direct action pro-

The individual claimants contend, however, that, even if this interest satisfies the requirements of Rule 24(b), F.R.C.P., intervention should be denied for another reason. They argue that they are entitled to have the Department of Highways' liability determined by a jury in the direct action proceedings, and that, if interpleader is made a part of the admiralty proceeding, a jury trial will be denied them.

If an issue raised by the interpleader ought to be tried by a jury, it can be tried by a jury regardless whether it is presented in the limitation proceeding or in a direct action, for federal courts have the power to provide jury trials in maritime cases. *Fitzgerald v. V.S. Lines, Inc.*, 1963, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720. Whether the interpleader itself will prejudice the claimants' rights to a jury determination of some issues is another problem and one we shall discuss shortly. For purposes of granting the motion to intervene, it suffices that a jury trial, if warranted, can be had regardless whether the particular issue is raised in a traditionally maritime proceeding.

Accordingly, because the requirements of Rule 24(b) are met and the direct action claimants would not be prejudiced thereby, Southern American's motion to intervene is GRANTED.

## III

## INTERPLEADER

Southern American's insurance contract provides coverage of $300,000 "per occurrence." Southern American contends that all claims resulting from the collision are the result of one "occurrence" and that its coverage should be limited to that amount.

The Department of Highways and the individual claimants contend that each death or injury to a claimant constitutes an "occurrence" and, therefore, each claimant is covered in the amount of $300,000. They suggest that, if their interpretation is correct, the insurer, in order to be permitted to interplead, must deposit $300,000 per claimant, rather than $300,000 in the aggregate. Plaintiffs also contend that the court should not determine the appropriate amount to be deposited, as this issue should be decided by a jury and not by the court. In this connection, the issues of whether or not interpleader should be permitted and whether or not there is liability to the plaintiffs on the merits must be distinguished.

Southern American has proceeded by statutory interpleader, 28 U.S.C. § 1335;[3] hence, failure to deposit the entire amount in controversy is a jurisdictional defect. *Murphy v. Travelers Ins. Co.*, 5th Cir. 1976, 534 F.2d 1155, 1159; *Percival Construction Co. v. Miller & Miller Auctioneers*, 10th Cir. 1976, 532 F.2d 166, 171; *Metal Transport Corp. v. Pacific Venture S.S. Corp.*, 2d Cir. 1961, 288 F.2d 363. There is conflicting authority as to whether an interpleader should be permitted where the court must resolve a bona fide dispute over the amount of stake or fund to be deposited. Compare *United Artists Corp. v. Fields Productions, Inc.*, S.D.N.Y.1973, 363 F.Supp. 903,[4] and *Connecticut General Life Insurance v. Yaw*, W.D.N.Y.1931, 53 F.2d 684,[5] with *Girad Trust Co. v. Vance*, E.D.Pa.1946, 5 F.R.D. 109 and Wright & Miller, Federal Practice and Procedure, § 1716. See also, *Amoco Pipeline v. Admiral Crude Oil Corp.*, 10th Cir. 1974, 490 F.2d 114, 116.

ceedings are already consolidated with the limitation proceedings, intervention will not delay or inconvenience the parties to the limitation proceeding.

3. Under Rule 22 interpleader, deposit of the entire sum is not a jurisdictional requirement. However, an independent jurisdictional basis is needed for such interpleader.

4. The court in *Fields* denied interpleader because of the dispute over the amount of the

fund, the lack of adversity amongst claimants, and in deference to a pending state court claim.

5. According to the court in *Yaw*, "it is a prerequisite to the right of interpleader under the statute that there must be no dispute regarding the amount of liability of the party bringing the action of interpleader, and that the undisputed fund must be paid into [the] court." 53 F.2d, at 684, 685. However, the court was construing the 1926 Interpleader Act. The Federal Rules were not adopted until 1938.

If the amount of the policy is a question of disputed fact, then a determination of that amount by the court will deprive the claimants of their statutory right to a jury trial on that issue.[6] On the other hand, if the amount is not truly uncertain, and interpleader is foreclosed because of a mere argument that it is, the insurer is thereby precluded from depositing the amount in controversy into the registry of the court, and is deprived of its statutory right to interplead pursuant to 28 U.S.C. § 1335.

A dilemma arises only if the amount of the policy is an issue to be decided by a jury. If the amount is not subject to bona fide dispute and would be determined by the court in any event, then the claimants are not prejudiced if the court resolves the matter.[7] The best procedure for determining whether the policy is ambiguous is a motion for summary judgment which would allow the parties to submit affidavits and exhibits as contemplated by Rule 56, F.R. C.P. Accordingly, counsel for Southern American will be directed to intervene in all direct actions to which it is not a party and to file a summary judgment motion in all direct actions seeking dismissal of all claims aggregating over $300,000, so as to raise the issue of the amount of policy coverage.

If the insurance contract is sufficiently clear to lend itself to interpretation on its face, as a matter of law, no party will be prejudiced by its determination and the insurer will know how much it must deposit to be permitted to interplead. If the policy is ambiguous, and extrinsic evidence is required, then the issue whether the court should defer to a jury determination will be squarely raised.[8]

It is contended, however, that, regardless whether the jury dilemma can be resolved, interpleader should not be allowed because Southern American's interest in avoiding double liability and conflicting claims is protected by consolidation of the direct actions with the limitation proceeding, hence the interpleader will serve no useful function. It may be that interpleader procedure will not help Southern American avoid double liability or conflicting claims, but Southern American will still benefit from the device by being permitted to deposit its funds, admit liability, and avoid further litigation expense. Moreover, there is no indication in the statute or elsewhere that the right to interplead is conditioned upon that device fulfilling all of its traditional functions.

This court is aware of the Supreme Court's admonition in *State Farm & Casualty v. Tashire*, 1967, 87 S.Ct. 1199, 1207, 386 U.S. 523, 537, 18 L.Ed.2d 270, that the "federal interpleader was not intended to serve the function of a 'bill of peace' in the context of multiparty litigation arising out of a mass tort." In *Tashire*, as in *Travelers Indemnity Company v. Greyhound Lines,*

---

6. These claims would be within the admiralty or maritime jurisdiction of the court and could not be submitted to a jury if it were not for the statutory provision of 28 U.S.C. § 1333, "saving to suitors in all cases all other remedies to which they are otherwise entitled."

7. It has been suggested that regardless of whether interpleader is permitted, a jury determination of the insured's liability and of the amount of its alleged liability will be foreclosed by the court's determination of those issues. If this were so, the claimants would not be prejudiced by the interpleader, for their right to a jury determination could not be had even if the interpleader were not allowed. However, procedures can be formulated to protect jury rights in direct actions that are consolidated with limitation proceedings. For example, the issue of liability can be determined in the direct actions prior to its determination in the limitation proceedings. As to the issue of the extent

of liability, see *In re Independent Towing Co.*, E.D.La.1965, 242 F.Supp. 950, 956.

8. According to Wright & Miller, Federal Practice and Procedure, § 1719, despite the equitable origins of interpleader, a jury trial can and should be provided on all issues that would be decided by a jury if the interpleader were not filed. "[W]hen issues would be triable to a jury if they were litigated independently, as is true when an insurance company interpleads claimants whose damages exceed the policy limits, they should be triable to a jury as a matter of right even though Rule 22 or the interpleader act has been invoked. This view is supported by some case authority, by the rather scanty writing of the commentators, by Supreme Court decisions in related contexts, and by sound analysis."

*Inc.*, 5th Cir. 1967, 377 F.2d 325, the court refused to enjoin tort claims against the insured brought in forums other than that in which the policy had been deposited. The court noted that the insurance coverage in question was meager and would not satisfy the claims asserted. It reasoned that to allow the deposit of this small fund to limit all plaintiffs to a particular forum would be to allow "the tail . . . to wag the dog." 87 S.Ct., at 1206. The court also noted that the insurer was protected against double liability by an order restraining claimants from enforcing against the insurer the judgments it obtained against the insured except in the interpleader proceeding itself. *Id.*

But *Tashire* and *Greyhound* do not validate the claimants' position. The courts in those cases did not deny the interpleaders, but merely vacated injunctions prohibiting suits in other forums. The present interpleader could not prevent a claimant from suing in another forum, for such a suit is already prohibited by the limitation injunction. *Olympic Towing, supra.* Thus, if the policy is not ambiguous, and Southern American deposits its full value in the registry of the court, there is no reason why it should not be permitted to interplead. If the policy is ambiguous, it then must be decided whether a determination of its value must await jury trial.

Accordingly, counsel for Southern American is directed to file a motion for summary judgment in each direct action against all claims aggregating more than $300,000. Southern American's motion to intervene is GRANTED. Its motion to interplead is RESERVED pending resolution of the motion for summary judgment.[9]

9. The rulings and reasoning of this opinion were announced orally by the court at the conclusion of the February 9, 1977 hearing. Southern American subsequently filed its summary judgment motion, and this court granted that motion and the motion to interplead in its March 11, 1977, opinion. Because the parties were informed of the court's disposition with respect to the issues discussed in this opinion, the opinion respecting the later motions was written first. This opinion is intended to complete the record. For purposes of understanding the chronological sequence of this litigation, this opinion should be read prior to the March 11, 1977 opinion.