CENTER PARTNERS MANAGEMENT, LTD., an Illinois limited partnership, Plaintiff,

v.

CACHE, INC., a Florida corporation, and West Oaks Associates, Ltd., a Texas limited partnership, Defendants.

No. 86–6800–CIV–EPS.

United States District Court, S.D. Florida, Miami Division.

Nov. 24, 1986.

Richard Allen, Miami, Fla., for Center Partners Management.

Scott Alan Orth, Miami, Fla., for defendant Cache, Inc.

Thomas M. Fulkerson, Houston, Tex., for defendant West Oaks Associates, Ltd.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS COMPLAINT FOR INTERPLEADER

SPELLMAN, District Judge.

This CAUSE came before the Court on Defendant's, Cache, Inc., motion to dismiss the complaint for interpleader. Because this Court is of the opinion that the Plaintiff's complaint is an inappropriate method for the use of interpleader, it is hereby

ORDERED AND ADJUDGED that the motion to dismiss the complaint is GRANTED; and this case is DISMISSED.

### BACKGROUND

The Plaintiff, the owner of a Broward county shopping mall, filed a complaint in interpleader against both its lessee, Cache, Inc., and West Oaks Associates, LTD, a limited partnership in Texas also engaged in the management and leasing of commercial space. The Plaintiff is holding $87,-675.92 from the sale of Cache, Inc.'s assets, and was prepared to return these monies to their former tenant, Cache, Inc. After receiving a letter from West Oaks Associates, LTD, informing the Plaintiff that the Texas corporation was entitled to receive the proceeds of the sale of Cache, Inc. assets in Miami, the Plaintiff proceeded to seek this claim for interpleader so as to avoid possible double exposure to liability. The Plaintiff claims that because West Oaks has a pending claim for judgment against Cache in federal district court in Texas, the decision to award the proceeds to the competing claim of Cache would possibly result in a future claim of liability against the Plaintiff for depositing the disputed funds into the hands of the wrong claimant.

### DISCUSSION

This Court disagrees with the Plaintiff's reasoning, and holds that West Oaks is not a proper claimant to the sale of Cache assets in Miami, Florida. West Oaks has a pending unliquidated claim for damages in Texas. To allow West Oaks to share in this particular fund would result in an unlawful form of prejudgment garnishment, a result not contemplated under the rules governing interpleader. West Oaks Associates makes no claim of ownership or lien interest in this particular fund derived from the sale of Cache assets. Without a showing that West Oaks Associates has a genuine claim to this particular fund, and that the Plaintiff might in fact be exposed to double liability for depositing the funds with the other claimant, the Plaintiff cannot make out a competant claim for interpleader.

Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335 (West 1986) allow for a stakeholder to protect himself against the claims of contesting litigants by forcing the contesting parties to have their claims resolved in a court of law and thereby relieving the plaintiff of any possible future liability. *Farmers Elevator Mut. Ins. Co. v. Jewett*, 394 F.2d 896, 898 (10th Cir.1968). Still, case law is insistent in holding that the risk of multiple liability that the interpleader plaintiff faces must be derived from a common particular fund. The stakeholder cannot resort to a claim for such relief if he faces only a potentiality of double liability. *Libby, McNeil, & Libby v. City Nat. Bank*, 592 F.2d 504, 507 (9th Cir.1978).

The key point in the analysis is that Cache and West Oaks do not have adverse claims in the proceeds derived from the sale of Cache's assets in Miami. Even if West Oaks did in fact have a liquidated claim, which it does not, that still would not entitle them to an interest in this *particular* fund. In *Libby McNeil and Libby*, the

court explained that "interpleader is designed to protect the stakeholder from such liability only when based upon the particular fund proferred by the interpleader plaintiff...." 592 F.2d at 509 (citing *Provident Mut. Life Ins. Co. v. Ehrlich,* 374 F.Supp. 1134, 1138 (E.D.Pa.1973)); *cf. Indianapolis Colts v. Mayor and City of Baltimore,* 741 F.2d 954 (7th Cir.1984) (denying interpleader where stadium is ruled not to have a proper ownership interest in a professional football team).

This Court finds that to allow a complaint in interpleader to proceed under these facts would amount to no more than an attempt to obtain prejudgment attachment or garnishment, which is clearly not contemplated under either statutory or common law interpleader. If West Oaks Associates is concerned about the ability of Cache to pay its debts as they come due, they will have to resort to other means of liquidating their pending claim in Texas, assuming that claim eventually does mature. This Court will not allow an interpleader action to go forward when it is improper in the first instance, and when it may possibly be designed to overcome the prohibitions against obtaining relief through prejudgment garnishment or attachment. *See Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).