**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**BANK OF COMMERCE, et al., Defendants.**

Civ. A. No. 93–2527–EEO.

United States District Court, D. Kansas.

June 15, 1994.

Grant M. Glenn, Woner, Glenn, Reeder, Lowry & Girard, Topeka, KS, for Prudential Ins. Co. of America.

Kent V. Stallard, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Leawood, KS, William M. Modrcin, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, MO, for Bank of Commerce, Cindy Lee Hudson Fumei, Jerri D. Hudson Bell, Tracy Jo Hudson Lewis.

Darren S. Black, Christopher J. Anderson, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for Michele Hudson.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of plaintiff Prudential Insurance Company of America for approval of the proposed bond in lieu of deposit (Doc. # 13) and joint motion of defendants Bank of Commerce and Michelle D. Hudson to dismiss (Doc. # 11). The court has reviewed the briefs submitted by the parties and is now prepared to rule.

Plaintiff filed the instant action in the nature of interpleader pursuant to 28 U.S.C. § 1335. We have original jurisdiction over plaintiff's statutory interpleader claim only if at least $500 is in controversy (the "stake"), two or more claimants of diverse citizenship have adverse claims to the stake, and plaintiff has deposited the stake into the court's registry or has given a bond of sufficient amount and "with such surety as the court or judge may deem proper" to cover the amount of the stake. *Farmers Elevator Mut. Ins. Co. v. Jewett*, 394 F.2d 896, 898 (10th Cir. 1968); *Miller & Miller Auctioneers, Inc. v. G.W. Murphy Indus., Inc.*, 472 F.2d 893, 895 (10th Cir.1973). Defendants seek dismissal of plaintiff's complaint because they contend the court lacks jurisdiction as a result of plaintiff's failure to meet the jurisdictional prerequisite of either depositing the entire sum at issue into the court's registry or posting a sufficient bond to cover that amount.

The instant case arose as follows. Plaintiff issued four insurance policies insuring the life of Larry D. Hudson. It is uncontroverted that all four policies were in force when Larry D. Hudson died on May 30, 1993, from hypertension and arteriosclerotic cardiovascular disease.

The first policy at issue, policy No. 38 973 293, was issued June 2, 1985, as an "increasing premium life, paid-up at 90" policy with a face amount of $1,000,000. At the request of the deceased, the policy was converted on June 2, 1987, to a $300,000 variable appreciable life policy with a $700,000 term rider and was renumbered "R6 037 936."

The second policy at issue was originally issued as policy No. 38 973 288 on May 10, 1985, and was also an "increasing premium life, paid up at 90 policy" in the face amount of $1,000,000. This policy carried an accidental death benefit of $500,000. Like the first policy, the second policy was changed, pursuant to the deceased's request, on April 30, 1987. The new policy, which was renumbered "R6 037 937," was a variable appreciable life insurance policy in the face amount of $350,000 with a $650,000 term rider, but without the $500,000 accidental death benefit.

The third policy, R6 119 853, was issued on or about June 2, 1988, in the face amount of $200,000. The fourth policy, R6 119 854, in the face amount of $150,000, was also issued on or about June 2, 1988.

Prudential admits total liability of $1,000,-000 to the beneficiaries of the four policies. However, Prudential alleges that because there are substantial issues regarding the identities of the proper beneficiaries, the in-

stant interpleader suit is necessary. To satisfy section 1335, Prudential deposited $1,000,000 into the court's registry on March 31, 1994, in payment of insurance proceeds in the following amounts: $300,000 on Policy R6 037 936; $350,000 on Policy R6 037 937; $200,000 on Policy R6 119 853; and $150,000 on Policy R6 119 854.

Defendants filed counterclaims against Prudential for $1,350,000, the amount of the term riders on the first and second policies. Prudential contends that the deceased cancelled the $1,350,000 in term riders on the first two policies on June 2, 1988, when he applied for and was issued the third and fourth policies. Defendants dispute that the term riders were cancelled prior to the insured's date of death.

■ Apparently, the parties are in agreement that $2,350,000, is the highest amount claimed and is the requisite amount of deposit or bond required for jurisdiction under section 1355. Amounts asserted in counterclaims should be included in determining the amount of the stake. *See National Union Fire Ins. Co. v. Ambassador Group*, 691 F.Supp. 618, 621 (E.D.N.Y.1988); *but cf., McKeithen v. S.S. Frosta*, 75 F.R.D. 7, 10 (E.D.La.1977) (questioning jurisdiction where the amount of the stake is at issue).

■ The only real question is whether plaintiff is required to deposit the entire $2,350,000 into the court's registry, or whether plaintiff may satisfy the jurisdictional requirements of section 1335 by depositing $1,000,000 in cash and posting bond for the $1,350,000 balance. In *Miller*, the court stated, "when rival claims for a sum of money are involved, payment of the *entire sum* into the registry of the court or the giving of a bond meeting the requirements of the statute is a condition precedent to the jurisdiction of the court." 472 F.2d at 895 (emphasis added).

We do not believe that this statement requires plaintiff to elect between depositing the entire sum at issue or posting bond for the entire sum. We know of no authority precluding plaintiff from meeting the requirements of section 1335 by depositing a portion of the total and posting a bond for

the balance. Nothing in section 1335 or any of the cases cited by defendants convinces us that Congress intended to require a plaintiff to elect and use only one of the two authorized methods of posting and guaranteeing the stake. The court in *Girard Trust Co. v. Vance*, 5 F.R.D. 109, 110, 114 (E.D.Penn. 1946), approved a cash deposit and bond combination similar to that proposed here. We conclude that we have jurisdiction over the instant interpleader action pursuant to 28 U.S.C. § 1335 if the bond deposited by plaintiff is sufficient.

■ Plaintiff proposes to self-surety the bond. The surety signature line on the proposed bond is signed only by an officer of Prudential. Defendants argue that this is not a proper surety bond, but is merely a promise to pay by Prudential. Defendants do not challenge Prudential's ability to satisfy the bond; they merely object to the form of the bond because it has only one obligor, Prudential. In support, they cite *Farmers*, 394 F.2d at 898, where the Tenth Circuit *sua sponte* addressed the jurisdictional question and expressly disapproved of the district court's unexplained approval of a bond without a surety. Although we do not believe that *Farmers* stands for the proposition that a surety is required to satisfy section 1335, we agree with defendants that the bond posted by plaintiff should contain an obligor other than plaintiff as surety.

Prudential has offered to provide the court with evidence of financial ability to pay. Even assuming Prudential can establish a financial ability to pay the additional $1,350,000, the court is concerned about Prudential serving as its own surety. Prudential is very much an interested stakeholder in the instant suit. Under these circumstances, we do not believe that the claimant's rights would be as fully protected as if the bond carried a surety other than Prudential. Notwithstanding that Prudential is on a list of sureties approved in the District of Kansas, we believe that a separate surety is necessary to more adequately protect the rights of the claimants by giving them two independent parties from whom to collect. *See Wilmington Trust Co. v. Gillespie*, 397 F.Supp. 1337 (D.Del.1975) (requiring bond in Rule 22 interpleader even

where stakeholder was disinterested); *but cf., Aetna Cas. & Sur. Co. v. Schmitt,* 441 F.Supp. 440 (N.D.Cal.1977) (holding that a wholly owned subsidiary of the plaintiff could serve as surety). We conclude that we lack jurisdiction over the instant interpleader action at the present time because the proposed bond is not adequate to protect the rights of the claimants. Rather than dismiss the action, however, the court will give Prudential the opportunity to post a bond with a surety other than itself in the amount of $1,350,000, or, in the alternative, deposit that sum in the court registry. *See, e.g., National Union Fire Ins. Co.,* 691 F.Supp. at 621. Prudential is given until June 30, 1994, to do one or the other. The court will defer ruling on defendants' motion to dismiss until that date.

IT IS THEREFORE ORDERED that plaintiff's motion for approval of bond in lieu of deposit (Doc. # 13) is denied.

IT IS FURTHER ORDERED that ruling on defendants' motion to dismiss (Doc. # 11) is deferred until after June 30, 1994.